Eastern Di:
F I L

JUL 1 9 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-494-GWU

ELMON D. JONES,                                        PLAINTIFF,

VS:                           MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT,

INTRODUCTION

Elmon Jones brought this action to obtain judicial review of an unfavorable

administrative decision on his application for Disability Insurance Benefits (DIB).

The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for

judicial analysis of benefit denial cases:

1.      Is the claimant currently engaged in substantial gainful activity? If
yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R.
404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or
mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not
disabled. See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any
impairment(s) significantly limiting the claimant's physical or mental ability
to do basic work activities? If yes, proceed to Step 4. If no, the claimant is
not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.      Can the claimant's severe impairment(s) be expected to result in
death or last for a continuous period of at least 12 months? If yes,
proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R.
404.920(d), 416.920(d).
5.      Does the claimant have any impairment or combination of
impairments meeting or equaling in severity an impairment listed in 20
C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Jones, a 45 year-old former mechanic with a high school education, suffered from impairments related to discogenic and degenerative disorders of the spine, an arachnoid cyst, a history of a cerebrovascular accident, and a history of polysubstance abuse. (Tr. 14-15). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 22). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 20).

The Court must first determine the time period relevant to this appeal. Jones alleged a disability onset date of July 5, 2000 on his DIB application. (Tr. 90). The ALJ determined that the plaintiff's DIB-insured status expired on December 31, 2000. (Tr. 21). Therefore, the claimant must prove he became disabled within this rather narrow time frame to qualify for DIB.

The hypothetical question presented to Vocational Expert Susan Kehoe

5

included an exertional limitation to light level work along with such non-exertional restrictions as (1) an inability to sit for more than six hours in an eight-hour day; (2) an inability to stand or walk for more than six-hours in an eight-hour day; (3) an inability to use the right lower extremity for frequent pushing or pulling movements; (4) an inability to ever climb ladders, ropes or scaffolds; (5) an inability to more than occasionally climb ramps or stairs; and (6) a "limited" ability to understand, remember or carry out simple instructions involving repetitive tasks in an object-focused environment with negligible social interaction with others. (Tr. 348). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 348-350). Therefore, assuming that the vocational factors considered by Kehoe fairly depicted the plaintiff's condition during the pertinent time period, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The medical record is devoid of any treatment notes concerning Jones' physical condition dated from the relevant time period. Such treating and examining sources as the Dr. John Gilbert (Tr. 284-298, 311-314) Dr. Glen Baker (Tr. 299-309), and the staff at Marymount Medical Center (Tr. 310) who saw the plaintiff after the pertinent time frame did not identify the existence of more severe physical restrictions, which would "relate back" to the relevant time period.

The ALJ's hypothetical question was essentially consistent with the physical restrictions identified by Dr. Calixto Hernandez (Tr. 159-167) and Dr. James Ross (Tr. 168-178), the non-examining medical reviewers. Each reviewer did include an inability to more than occasionally stoop or crawl which was not presented in the hypothetical question. (Tr. 161, 170). Social Security Ruling 85-15 indicates that crawling is a rare activity in jobs at all exertional levels while

6

an occasional limitation concerning stooping is compatible with most light and sedentary level occupations.   Furthermore, review of the Dictionary of Occupational Titles (DOT) indicates that stooping and crawling is "not present" in such positions cited by the Vocational Expert as hand packager (DOT Section 920.587-018), folder (DOT Section 309.687-018), wiper (DOT Section 723.687-022), and stacker (Tr. 222.587-046).   Therefore, these opinions provide substantial evidence to support the administrative decision.

The ALJ also dealt properly with the evidence relating to Jones' mental condition.   The plaintiff did not receive any mental health treatment during the relevant time period.   Psychologist Lea Perritt reviewed the record and opined that it did not reveal the existence of a "severe" mental impairment during the time period before the plaintiff's date last insured.  (Tr. 179).  This opinion is not contradicted in the record.  The ALJ's findings are certainly compatible with it.

Jones argues that the ALJ did not properly evaluate his subjective pain complaints.   Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Jones was found to be suffering from a potentially painful condition.  However, even if he could be found to have satisfied the first prong of the so-called <u>Duncan</u> test, the claimant does not meet either of the alternative second prongs.   First, the medical evidence does not appear sufficient to confirm the severity of the alleged pain.  The ALJ noted that even

recent diagnostic testing did not reveal clinical findings which would support his claim of disabling pain. (Tr. 17). Second, objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. The ALJ noted including the mental restrictions to accommodate the pain complaints. (Tr. 17). The claimant has failed to indicate what evidence would suggest that even greater restrictions were necessary. Therefore, the ALJ properly evaluated Jones' pain complaints.

After review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___19___ day of July, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8